United States District Court
Southern District of Texas

**ENTERED**

August 08, 2018

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UTEX INDUSTRIES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:18-cv-01254 |
| | § | |
| TROY WIEGAND, and | § | |
| GARDNER DENVER, INC. | § | |
| | § | |
| Defendants. | § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Discovery Limitations**.

The parties agree that fact depositions, including 30(b)(6) depositions and depositions of third parties will be limited to 75 hours per side. In addition, the parties agree that depositions on written questions of custodians of business records for third parties will be permitted pursuant to Federal Rule of Civil Procedure 31. The parties also agree that each side will be limited to 25 written interrogatories and 25 requests for admissions, except that there are no limits on requests for admission to authenticate documents. "Side" means a party or a group of parties with a common interest. Any party may later move to modify these limitations for good cause.

Discovery will be completed by the date specified in the Court's Scheduling/Docket Control Order.

2. **Disclosure of Expert Testimony.**

A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705. If the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the party must provide the disclosures

required by Federal Rule of Civil Procedure 26(a)(2)(B). For all other such witnesses, the party must provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

The parties must serve expert reports by the deadline provided in the Court's Scheduling/Docket Control Order.

### 3. Privileged Information.

No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. No party shall be required to identify on their respective privilege log any communication only between that party and that party's counsel of record in any current or former litigation between the parties hereto, where the subject of such communication relates to such litigation.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

### 4. Discovery of Electronic Information.

(a) Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

(b) Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

(c) Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

a. **General Document Image Format:** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.  Any production of less than 2,000 pages may be provided in PDF format.

b. **Text-Searchable Documents:** No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

c. **Footer:** Each document image shall contain a footer with a sequentially ascending production number.

d. **Native Files:** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

e. **No Backup Restoration Required:** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

f. **Voicemail and Mobile Devices:** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

5. **Discovery of Email.**

a. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests.

b. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

c. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

d. Each requesting party shall limit its email production requests to a total of seven custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

e. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or

"system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

f.  Notwithstanding the provisions of this Section, the parties may serve requests for production directed to specific communications, including communications conducted by email. Such requests for production shall state that they "include email communications pursuant to Paragraph 5(f) of the Discovery Order." It is expected that such requests will be made sparingly and will only request email communications that are proportional to the needs of the case. Any objection to a request made under this Paragraph shall be considered with respect to the specificity of the request, the number of responsive communications, and the importance of the responsive communications to the case.

## 6. Protective Orders.

The Court will enter the parties' Agreed Protective Order.

The Parties agree that Federal Rule of Evidence 502 applies to the conduct of discovery in this case.  To that end, the Parties respectfully request that the Court enter an order stating that Rule 502 applies in this case and in all proceedings in any other federal or state court in line with Fed. R. Evid. 502(d).  Entry of this Order will constitute such a Rule 502(d) order.

## 7. Signature.

The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  Any exchange of disclosures required by this Order shall be served as provided by Federal Rule of Civil Procedure 5.  The parties consent to service by electronic means.

## 8.  Duty to Supplement.

After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made or is no longer complete or true.

## 9.  No Excuses.

A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

## 10. Third Party Discovery

A party that serves a subpoena on a non-party (the "Issuing Party") shall include a copy of this Order with the subpoena.

The Issuing Party shall promptly produce to all other parties all documents and things obtained from any non-party by subpoena.

## 11. Service

The parties agree to service of documents on counsel of record by e-mail pursuant to Rule 5(b)(2)(E). Discovery served after 6 p.m. Central Time shall be deemed served on the following day.

## 12. Filings.

Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

SO ORDERED at Houston, Texas, on this ___8th___ day of ___August___ 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE