United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UTEX INDUSTRIES, INC. | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 4:18-cv-01254 |
| TROY WIEGAND, and GARDNER DENVER, INC. | § § § | |
| Defendants. | § § | |

### [PROPOSED] ORDER ON AGREED MOTIONS IN LIMINE

Based upon an agreed motion by the parties, the Court ORDERS Utex Industries, Inc. and Troy Wiegand and Gardner Denver, Inc., including their counsel and their witnesses, not to mention, allude to, or inform the jury or jury panel in any way, manner, or form, either directly or indirectly, of the following matters without first approaching the bench and obtaining a favorable ruling from the Court, outside the hearing and presence of the jury:

1. Motions, motion practice, orders on motions, or opinions of the Court, including motions in *limine* and the Court's Memorandum Opinion and Order on the motions for summary judgment, including any reference to the specific issues ruled on by the Court (*e.g.*, that Defendants asserted an anticipation defense and the Court held the patent not anticipated; that the Court granted summary judgment for Defendants as to certain asserted manufacturing trade secrets; or that Plaintiff asserted a claim of unfair competition by misappropriation and the Court held that claim preempted). This agreed order shall not preclude reference to the Court's *Markman* opinion and order or to language in the Court's summary judgment memorandum

opinion and order relating to the scope of the claims, for which there is a dispute about admissibility.

2. Discovery disputes.

3. Any party's request for a stipulation, whether or not agreed to by the other side.

4. Requests by counsel for a stipulation from opposing counsel in the presence of the jury.

5. Any objections made during depositions. (Objections to the designated deposition testimony will be resolved outside the presence of the jury and no objections will be played or read to the jury.)

6. The other party's preparation for trial including the use of jury consultants, shadow juries or focus groups before or during trial.

7. Settlement discussions, offers, or demands.

8. Any exclusion or criticism by a court or other tribunal, in this lawsuit or any other lawsuit, of the testimony or opinions offered by any expert.

9. Utex's U.S. Patent No. 10,428,949, including its pre-issuance and post-issuance file history, and Gardner Denver's request for *inter partes* review of that patent, including any statements made by or to the PTAB by either party in connection with that proceeding.

10. KKR and Riverstone financial statements and reports, including DTX 725, DTX 727, DTX 728, DTX 729, DTX 732 and DTX 734, and any other evidence regarding overall financial information of KKR or Riverstone such as profits or net worth. This agreed order shall not preclude evidence of the amount of KKR's

investment in Gardner Denver, which Gardner Denver intends to raise in a separate, contested motion *in limine*.

SIGNED ON ___June 16,___ _____ 2020.

_____
JUDGE SIM LAKE
UNITED STATES DISTRICT JUDGE