United States District Court
Southern District of Texas
**ENTERED**
September 23, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UTEX INDUSTRIES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-1254 |
| § | |
| TROY WIEGAND and GARDNER DENVER, § | |
| INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

This is a patent infringement action filed by Utex Industries, Inc. ("Utex") against Dr. Troy Wiegand ("Wiegand") and Gardner Denver, Inc. ("Gardner Denver") (collectively, "Defendants"), involving United States Patent No. 9,534,691 ("the '691 Patent"). Utex also alleges claims for theft of trade secrets, breach of contract, unfair competition, and tortious interference with a contract. On February 21, 2020, the court granted Utex's Motion for Summary Judgment That the '691 Patent Is Not Anticipated (Docket Entry No. 133) ("Utex's MSJ").[1] Pending before the court is Defendant Gardner Denver's Motion for Reconsideration of the Court's Grant of Summary Judgment of No Anticipation (Docket Entry No. 170) ("Motion for Reconsideration"). For the reasons stated below, the Motion for Reconsideration will be denied.

---

[1]Memorandum Opinion and Order, Docket Entry No. 152, p. 37. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

## I. Factual and Procedural Background

The court will not describe in detail the background of this action because it has done so in its previous Memorandum Opinion and Order addressing the parties' motions for summary judgment.[2] Utex sells packing assemblies that include its XLH® X-tended Life Header Ring ("XLH header ring"), which it alleges is protected by its '691 Patent.[3] The patent describes a header ring that includes an outer layer of fabric reinforced elastomeric material to increase the ring's durability.[4] Gardner Denver developed a packing assembly including its Redline header ring constructed entirely of fabric-reinforced elastomeric material, similar but not identical to Utex's XLH header ring.[5] Utex alleges that Gardner Denver's Redline header ring infringes upon claim 10 of the '691 Patent.[6] Gardner Denver contends that the asserted patent is invalid because five prior art references anticipate the invention described by claim 10.[7]

---

[2] Id. at 2-5.

[3] Plaintiff's Third Amended Complaint ("Third Amended Complaint"), Docket Entry No. 74, p. 2 ¶ 5.

[4] The '691 Patent, Exhibit 1 to Motion for Reconsideration, Docket Entry No. 170-2, p. 7.

[5] Initial Expert Report of Steven MacLean, Ph.D., P.E. Regarding Infringement of U.S. Patent No. 9,534,691 ("MacLean Patent Report"), Exhibit 5 to Motion for Reconsideration, Docket Entry No. 170-6, pp. 3-4 ¶¶ 59-61.

[6] Third Amended Complaint, Docket Entry No. 74, p. 8 ¶ 35.

[7] Motion for Reconsideration, Docket Entry No. 170, p. 11 & n.2; see Memorandum Opinion and Order, Docket Entry No. 152, pp. 8-10 (describing the prior art references).

On April 20, 2018, Utex filed this action against Gardner Denver and Wiegand.[8]  On November 20, 2019, Utex filed its motion for summary judgment that claim 10 of the '691 Patent is not anticipated as a matter of law.[9]  On February 21, 2020, the court entered a Memorandum Opinion and Order concluding that under the undisputed facts no reasonable jury could find that the '691 Patent is anticipated by prior art references.[10]  The court accordingly granted Utex's MSJ.[11]  On July 9, 2020, Gardner Denver filed its Motion for Reconsideration of the court's conclusion that the '691 Patent is not anticipated.[12]  Utex responded on July 30, 2020,[13] and Gardner Denver replied on August 6, 2020.[14]

---

[8]Plaintiff's Original Complaint, Docket Entry No. 1.

[9]Utex's MSJ, Docket Entry No. 133.

[10]Memorandum Opinion and Order, Docket Entry No. 152, pp. 15-16.  The Memorandum Opinion and Order also granted in part and denied in part Defendants Gardner Denver Inc.'s and Dr. Troy Wiegand's Motion for Summary Judgment on Multiple Grounds (Docket Entry No. 139) ("Defendants' MSJ," Docket Entry No. 139).  Id. at 36-37.

[11]Id. at 37.

[12]Motion for Reconsideration, Docket Entry No. 170.

[13]Plaintiff Utex's Opposition to Gardner Denver's Motion for Reconsideration of the Court's Grant of Summary Judgment of No Anticipation ("Utex's Response"), Docket Entry No. 174.

[14]Defendant Gardner Denver's Reply Memorandum of Law in Support of Its Motion for Reconsideration of the Court's Grant of Summary Judgment of No Anticipation ("Gardner Denver's Reply"), Docket Entry No. 180.

## II. Standard of Review

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." St. Paul Mercury Insurance Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). The court's February 21, 2020, Memorandum Opinion and Order was interlocutory, not final. See Moody v. Seaside Lanes, 825 F.2d 81, 85 & n.3 (5th Cir. 1987) (explaining that only the resolution of an entire adversary proceeding is "final"). Interlocutory orders are governed by Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of [a final judgment]."

Reconsideration of an interlocutory decision is available "as justice requires." Austin v. Kroger Texas, L.P., 864 F.3d 326, 337 (5th Cir. 2017) (quoting Cobell v. Jewell, 802 F.3d 12, 25-26 (D.C. Cir. 2015)). This standard amounts to "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004). Such an approach includes considering whether "the court 'has patently misunderstood a party,' 'has made a decision outside the adversarial issues presented to the Court by the parties,' 'has made an error not of reasoning but of apprehension,' or where 'a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'"

See id. (quoting Neal v. Honeywell, 1996 WL 627616, at *2 (N.D. Ill. 1996)). Whether to grant a motion to reconsider an interlocutory decision "rests within the discretion of the court." Dos Santos v. Bell Helicopter Textron, Inc. District, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009).

### III. Analysis

Gardner Denver argues that the court should reconsider its summary judgment ruling on anticipation because (1) the court misunderstood Gardner Denver's anticipation theory, which when properly applied forecloses summary judgment, and (2) Utex's theory of patent infringement is inextricably linked to whether the '691 Patent is anticipated and therefore both issues should be submitted to the jury.[15] Utex disagrees and also argues that Gardner Denver inappropriately attempts to rehash previously made arguments and untimely raise new arguments and that the court should not consider the motion.[16]

Whether Gardner Denver is merely repeating previous arguments or untimely raising new ones bears on whether reconsideration is appropriate. See Dos Santos, 651 F. Supp. 2d at 553. Given the complexity of the anticipation issue and the consequences of the court's ruling, however, the court will exercise its discretion to consider the merits of Gardner Denver's arguments before deciding the availability of reconsideration.

---

[15]Motion for Reconsideration, Docket Entry No. 170, pp. 10-12.

[16]Utex's Response, Docket Entry No. 174, p. 10.

### A. The Court's Anticipation Decision at Summary Judgment

Claim 10 of the '691 Patent asserts a limitation that the patented header ring have "a layer of a fabric reinforced elastomeric material covering at least the forward facing portion of the radially inwardly extending first annular portion and the axially extending second annular portion."[17] The parties agree that this means "a layer of fabric reinforced elastomeric material covering" at minimum an "L-shaped portion" of the ring's geometry.[18] In responding to Utex's motion for summary judgment, Defendants argued that this claim is anticipated because prior art references depict header rings with the same shape, including having an L-shaped portion, constructed of fabric-reinforced elastomer.[19] Utex argued that none of the prior art anticipated claim 10 as a matter of law because none include a disclosure of a <u>layer</u> of fabric-reinforced elastomer <u>covering</u> the L-shaped portion.[20]

---

[17]The '691 Patent, Exhibit 1 to Motion for Reconsideration, Docket Entry No. 170-2, p. 10 col. 8 lines 10-13.

[18]Motion for Reconsideration, Docket Entry No. 170, p. 6; Utex's Response, Docket Entry No. 174, p. 8.

[19]Defendants' MSJ, Docket Entry No. 139, p. 17; Defendants' Memorandum of Law in Opposition to Utex's Motion for Summary Judgment That the '691 Patent Is Not Anticipated ("Defendants' MSJ Response"), Docket Entry No. 142, p. 10 (arguing that the court should not grant summary judgment of no anticipation because the five prior references contained "fabric reinforced elastomeric material").

[20]Plaintiff Utex's Memorandum in Support of Its Motion for Summary Judgment That the '691 Patent Is Not Anticipated ("Utex's MSJ Brief"), Docket Entry No. 134, p. 11.

A prior art reference invalidates a patent by anticipation if it discloses "each and every limitation of the claimed invention." Schering Corp. v. Geneva Pharmaceuticals, 339 F.3d 1373, 1377 (Fed. Cir. 2003). Disclosure of a limitation may occur expressly in the prior art reference or be found inherent in it. In re Cruciferous Sprout Litigation, 301 F.3d 1343, 1350 (Fed. Cir. 2002). Defendants argued that the prior art references expressly disclosed the limitation because they depicted header rings constructed of "fabric reinforced elastomeric material," sometimes including "layers of cloth," and that this disclosed a layer of the fabric-reinforced elastomer covering the L-shaped portion.[21] The court construed this argument as one of inherent anticipation: that any header ring with an L-shaped region constructed of fabric-reinforced elastomeric material inherently contains a layer of fabric-reinforced elastomeric material covering the L-shaped portion.[22] The court concluded that this argument lacked merit because it would render the terms layer and covering in claim 10 meaningless.[23] The court further concluded that no reasonable jury could apply the court's construction of the terms layer and

---

[21]Defendants' MSJ, Docket Entry No. 139, p. 18; Defendants' MSJ Response, Docket Entry No. 142, pp. 10, 11-12, 18-19, 19-20, 22, 28.

[22]Memorandum Opinion and Order, Docket Entry No. 152, pp. 11-12.

[23]Id. at 15-16.

covering - their plain and ordinary meanings - and find that the prior art references disclosed a layer of fabric-reinforced elastomeric material covering the L-shaped portion.[24] The court accordingly granted Utex's motion for summary judgment that the '691 Patent is not anticipated.[25]

**B. Gardner Denver Has Not Demonstrated That Its Anticipation Arguments Were Incorrectly Construed or Decided**

The court's February 21, 2020, Memorandum Opinion and Order liberally construed Gardner Denver's argument as one of inherent anticipation because the five prior art references do not expressly disclose a layer of fabric-reinforced elastomer covering the L-shaped portion.[26] Those references disclose rings containing L-shaped portions comprised of elastomer reinforced with fabric or layers of fabric.[27] This is not sufficient for anticipation because it does not include each and every limitation in claim 10, particularly that there be a <u>layer</u> of fiber-reinforced elastomeric material <u>covering</u> the L-shaped portion. See Schering, 339 F.3d at 1377. Gardner Denver does not explain how the court's understanding of the issue was incorrect or resulted in an incorrect outcome.

---

[24]Id.

[25]Id. at 37.

[26]Id. at 11-12.

[27]See id. at 8-10 (describing the prior art references with detailed quotations and record citations).

Gardner Denver discusses only one of the prior art references in arguing that the court erred. The prior art header ring in Figure 3 of the '691 Patent ("Figure 3") is composed of two sections: one "of homogeneous elastomeric material construction" and one of "a fabric or fiber reinforced material."[28] Figure 3 is the same shape and dimensions as the ring described in claim 10 and includes the L-shaped portion in the "fabric or fiber reinforced" section of the ring.[29] Gardner Denver argues that Figure 3 could expressly anticipate claim 10 because "[a] reasonable jury could find that the fabric-reinforced material at [the fabric or fiber-reinforced section], which encompasses the L-shaped region, is a 'layer' of fabric-reinforced elastomer distinguishable and separable from [the homogenous section]."[30]

But anticipation requires that the prior art disclose each and every element of the claimed invention, and claim 10 states that the layer of fabric-reinforced elastomeric material <u>covers</u> the L-shaped region. Gardner Denver does not explain how the fabric-reinforced portion of the ring in Figure 3 covers the L-shaped portion. As the court stated in its ruling on summary judgment, that the L-shaped portion of the header ring is comprised of a certain combination of material is not enough for a jury to conclude that a layer of that material covers that same L-shaped

---

[28]The '691 Patent, Exhibit 7 to Defendants' MSJ, Docket Entry No. 139-7, p. 4, p. 7 col. 8 lines 25-29.

[29]<u>Id.</u> at 7 col. 8 lines 27-28.

[30]Motion for Reconsideration, Docket Entry No. 170, p. 11.

region.[31] The court is not persuaded that it misunderstood Gardner Denver's arguments or erred in concluding that no reasonable jury could conclude that the prior art anticipates claim 10.

### C. Utex's Infringement Theory Does Not Warrant Reconsideration of Gardner Denver's Anticipation Argument

Gardner Denver argues that the jury should hear its theory that any prior art depiction of a header ring comprised of fabric-reinforced elastomeric material anticipates claim 10 because of Utex's theory of patent infringement that any header ring comprised of fabric-reinforced elastomeric material infringes on the '691 Patent.[32] Gardner Denver asks "that, because the Court is permitting Utex to try the factual dispute to the jury in the context of infringement, the Court permit Gardner Denver to try this same dispute in the context of anticipation."[33] Utex responds that infringement and anticipation are separate questions and that Gardner Davis has misconstrued its theory of patent infringement.[34]

Gardner Denver is correct that the same construction of a patent must apply to both the infringement and invalidity analyses. See Liebel-Flarsheim Co. v. Medrad, Inc., 481 F.3d 1371, 1380 (Fed. Cir. 2007). A litigant is therefore permitted to argue "that if a claim term must be broadly interpreted to read on an accused

---

[31] Memorandum Opinion and Order, Docket Entry No. 152, p. 15.

[32] Motion for Reconsideration, Docket Entry No. 170, pp. 12-14.

[33] Id. at 14.

[34] Utex's Response, Docket Entry No. 174, pp. 15-17.

device, then this same broad construction will read on the prior art." 01 Communique Laboratory, Inc. v. Citrix Systems, Inc., 889 F.3d 735, 742 (Fed. Cir. 2018). But the court has not applied an inconsistent construction of the '691 Patent to the infringement and anticipation questions because it has not ruled on infringement at all; neither party raised patent infringement at summary judgment. What infringement arguments Utex may make to the jury and how the jury is to be instructed has not yet been decided.[35] A motion for reconsideration is not the appropriate vehicle for the court to decide the arguments that Utex may make concerning patent infringement given the court's claim construction and anticipation ruling. The court concludes that justice does not require the court to reconsider its grant of summary judgment as to no anticipation.

## IV.  Order

For the reasons explained above, Defendant Gardner Denver's Motion for Reconsideration of the Court's Grant of Summary Judgment of No Anticipation (Docket Entry No. 170) is **DENIED**.

**SIGNED** at Houston, Texas, on this 23rd day of September, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[35] Gardner Denver has filed a pending motion in limine seeking to limit the arguments Utex may make on this issue. Defendants' Memorandum of Law in Support of Their Motion In Limine on Multiple Grounds, Docket Entry No. 162, pp. 35, 36.