United States District Court
Southern District of Texas
**ENTERED**
October 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UTEX INDUSTRIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1254 |
| | § | |
| TROY WIEGAND and GARDNER | § | |
| DENVER, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the court is Defendants Troy Wiegand and Gardner Denver, Inc.'s Memorandum of Law in Support of Defendants' Motion to Bifurcate ("Motion to Bifurcate") (Docket Entry No. 179). Plaintiff Utex Industries, Inc. has filed Utex's Opposition to Defendants' Motion to Bifurcate Issues Bearing on Punitive and Exemplary Damages (Docket Entry No. 181), and defendants have filed Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Bifurcate (Docket Entry No. 182). Defendants seek to "bifurcate the trial into two phases: (1) a first [phase] where the jury will hear and decide issues bearing only on liability and compensatory damages; and (2) a second phase, if still needed, where the same jury will hear and decide issues bearing on punitive and exemplary damages." (Motion to Bifurcate, Docket Entry No. 179, p. 6) Defendants' proposed order requests that

> [T]he court . . . conduct a bifurcated trial. The first portion of the trial will cover liability and compensatory damages. Issues bearing on punitive and exemplary damages, including on Utex's claims regarding willful infringement and willful and malicious trade secret misappropriation shall be tried before the same jury immediately following the first phase of trial, if necessary.

[Proposed] Order Granting Defendants' Motion to Bifurcate Issues Bearing on Punitive and Exemplary Damages, Exhibit 1-2 to Motion to Bifurcate, Docket Entry No. 179-12, p. 2.

A district court has discretion to order separate trials of one or more claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Fifth Circuit has cautioned that for bifurcation to be appropriate, the "issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice." Swofford v. B & W, Inc., 336 F.2d 406, 415 (5th Cir. 1964), cert. denied, 85 S. Ct. 653 (1965). Separation of issues for separate trials is not the usual course that should be followed. McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 304 (5th Cir. 1993). The burden falls on the party seeking separate trials to prove that separation is necessary. Crompton Greaves, Ltd. v. Shippers Stevedoring Co., 776 F. Supp. 2d 375, 402 (S.D. Tex. 2011).

Having carefully considered the parties' arguments, the court concludes that the defendants' only persuasive argument for a separate trial is the prejudice defendants could suffer if the jury

were allowed to hear evidence and arguments about defendants' net worth during the trial to determine liability and actual damages. That prejudice could be avoided by allowing a separate trial on the <u>amount</u> of punitive damages to be awarded. The court is not persuaded by defendants' arguments for a separate trial on other issues. Evidence related to willfulness is not "distinct and separable" from evidence related to infringement. Instead, there appears to be a substantial overlap of evidence related to these issues. Having a separate trial on willfulness or other issues related to defendants' liability for punitive damages could lengthen the trial instead of expediting it and would not promote convenience for the court, the jury, or the parties since the court and jury would likely have to hear some of the same evidence twice if there were two trials. Any potential juror confusion on the different burdens of proof required to establish infringement and willful infringement can be eliminated by the court's instructions on plaintiff's burdens of proof and by the argument of counsel.

Defendants' Memorandum of Law in Support of Defendants' Motion to Bifurcate (Docket Entry No. 179) is **GRANTED IN PART and DENIED IN PART**. The trial will address all issues of liability and actual damages, including willful infringement and malicious trade secret misappropriation. If plaintiff obtains a favorable verdict on an issue that entitles it to recover punitive damages, the parties may then present evidence and arguments to the same jury about the amount of punitive damages to be awarded.

Docket Call will be held on December 11, 2020, at 2:00 p.m. in Courtroom 9-B, 9th Floor, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.  Information about docket call is available in the Court Procedures.

**SIGNED** at Houston, Texas, on this 2nd day of October, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE